37 F.3d 1500
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Colen CLEMONS, Defendant-Appellant.
 No. 93-2391.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1994.
 
 Before: KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Colen Clemons, a federal prisoner, appeals his judgment of conviction on one count of distributing cocaine base, aiding and abetting, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2, and one count of possessing cocaine base in violation of 21 U.S.C. Sec. 844(a). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Clemons was named in three counts of a nine-count indictment charging him and four codefendants with various drug and firearms offenses. A jury convicted Clemons of the two counts described above. He was sentenced on October 19, 1993, to 63 months in prison on count 4 (distribution) and 12 months on count 9 (possession), to run concurrently, and five years of supervised release.
 
 
 3
 On appeal, Clemons argues that his trial counsel rendered ineffective assistance due to counsel's failure to cross-examine the government's witnesses regarding the charge of aiding and abetting the distribution of a controlled substance. Both parties are represented by counsel who have expressly waived oral argument in this appeal.
 
 
 4
 Upon review, we affirm the district court's judgment and dismiss the appeal of the defendant-appellant on the merits.
 
 
 5
 " 'As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations.' " United States v. August, 984 F.2d 705, 711 (6th Cir.1992) (per curiam) (quoting United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (per curiam)), cert. denied, 114 S.Ct. 158 (1993). " 'The more preferable route for raising an ineffective assistance of counsel claim is in a post-conviction proceeding under 28 U.S.C. Sec. 2255, which allows the parties to develop an adequate record on the issue.' " United States v. Vincent, 20 F.3d 229, 237-38 ((6th Cir.1994) (quoting United States v. Carr, 5 F.3d 986, 993 (6th Cir.1993)). " 'When, however, the record is adequate to assess the merits of the defendant's allegations, some courts will consider them.' " August, 984 F.2d at 711 (quoting Wunder, 919 F.2d at 37).
 
 
 6
 In this case, the allegation of ineffective assistance of counsel can be resolved from the record presently before the court. The relevant facts in this case as follows. Alcohol Firearms and Tobacco ("ATF") Agent Joseph Secrete arranged to buy some crack cocaine from Mark Stevens, one of the five defendants with whom defendant-appellant was convicted and charged, on December 17, 1992. Agent Secrete, Stevens, and ATF Agent Donna Averill, who was listening to Agent Secrete via electronic wire, all testified at trial that defendant-appellant emerged from his apartment complex carrying a green bowl containing crack which he handed to Mark Stevens as they walked toward Agent Secrete. The three also testified that Stevens got into Agent Secrete's car with the bowl and Colen Clemons got into a different car and left the scene.
 
 
 7
 Defendant-appellant raises two arguments supporting his claim of ineffective assistance of counsel. First, defendant-appellant argues that his counsel did not properly cross-examine prosecution witness, Mark Stevens. He argues that no questions were asked to test Stevens's assertion that Clemons had knowledge of a drug deal. He also argues that Stevens made many nonresponsive answers to counsel's questions on cross-examination and counsel erred by not moving to strike any of those answers. Second, defendant-appellant claims that counsel erred by failing to ask any questions about the green bowl during the cross-examination of Stevens.
 
 
 8
 Assuming these assertions to be true, defendant-appellant fails to state a valid claim of ineffective assistance of counsel. In order to state a claim of ineffective assistance of counsel,
 
 
 9
 First, [defendant-appellant] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 
 
 10
 Strickland v. Washington, 466 U.S. 668, 687 (1984). Here, assuming the alleged actions by attorney occurred, they simply do not rise to the level of ineffective assistance of counsel. In the first case, there is a strong presumption that defense counsel's decisions are guided by sound trial strategy. Cobb v. Perini, 832 F.2d 342, 347 (6th Cir.1987) cert. denied, 486 U.S. 1024 (1988). "In determining whether an attorney's conduct was deficient, the Court stressed that 'the proper standard for attorney performance is that of a reasonably effective assistance' [citation omitted] 'viewed as of the time of counsel's conduct,' and considered 'in light of all the circumstances.' " Id. (quoting Strickland, 466 U.S. at 687 and 690). The second argument regarding cross-examination on the issue of the green bowl is, at best, frivolous.
 
 
 11
 For these reasons, the judgment of the Honorable Lawrence P. Zatkoff of the United States District Court of the Eastern District of Michigan, entered on November 1, 1993 is affirmed, and the appeal is dismissed on the merits.